Lipscomb, J.
In support of the assignment we are referred to the decision of this court in the case of Martin v. Harrison (2 Tex. R., 456) as a case in point. On an examination of that case it will he found materially different. Harrison liad sued Martin & Montgomery for a debt secured to he paid by a joint mortgage, and the plaintiff asked a judgment for his debt and a sale of the mortgaged premises for satisfaction. Montgomery died before process served, and the plaintiff discontinued as to him. Martin demurred, and there was a judgment against him, and an order for the sale of the whole of the mortgaged premises. Martin appealed, and assigned for error the non-joinder' of the legal representative of Montgomery. The. court admits that, according to the rules of chancery practice, they ought to have becn.made parties before any decree affecting their rights could he made, but ruled that the probate law had worked severance as to the mortgaged premises, and that a decree could not be rendered for a sale of their interest in the mortgaged premises; that the plaintiff as to that security must enforce it through the Probate Court, and sustained the proceedings against Martin. The mortgage being joint, presented *261 the only diffculty; had that been out of the way, there can he no doubt from the language of the court that the joinder of the representatives of the deceased party with the living one in tho suit would have been required if the death had occurred after bringing the suit.
In this case there is no mortgaged security to be enforced; a judgment for the money is all that is sought against the executors. No execution is prayed or awarded against the estate of their testator. This judgment they would have been entitled to if the claim had been presented and not approved; and this court decided in the case of Boon’s Administrator v. Robinson (1 Tex. R., 150) that the provision of the statute requiring claims to be presented for allowance or rejection only applied to claims upon which suit had not been commenced; that claims in suit went on to judgment, and were then to be certiiied to the Probate Court for settlement in the due course of administration. In this ease there is but one judgment. Though execution canuot be awarded against the representatives, it is only certiiied, as it would have been if the suit, had been brought originally against them on a rejected claim. We believe that there is no error in the judgment, and it is affirmed.
Judgment affirmed.